Stuart Price, Esq. (SBN:150439)
Price Law Group, APC
15760 Ventura Boulevard, Suite 1100
Encino, CA 91436
Tel: 818-907-2030
Stuart@pricelawgroup.com
Attorney for Plaintiff,
Raymond E. Gonzales

**UNITED STATES DISTRICT COURT**
**CENTAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| RAYMOND E GONZALES,<br><br>         Plaintiff,<br><br>    vs.<br><br><br>BANK OF AMERICA, N.A.<br><br>         Defendant. | **Case No.:**<br><br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)** |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Raymond Gonzales (Plaintiff), through his attorneys, alleges the following against Defendant, Bank of America, (Defendant):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls,

restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

## JURISDICTION AND VENUE

3. Defendant conducts business in the State of California, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

## PARTIES

5. Plaintiff is a natural person residing in Long Beach, Los Angeles County, California.

6. Plaintiff is a consumer as defined by *Cal. Civ. Code § 1788.2(h)*.

7. Defendant is a debt collector as that term is defined by *Cal. Civ. Code §1788.2(c)*, and sought to collect a consumer debt from Plaintiff.

8. Defendant is a corporation with its headquarters located in Charlotte, NC.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. On January 11, 2011 Plaintiff, through his attorneys, filed for Chapter 13 bankruptcy, assigned to case number 2:11-bk-11248.

11. Plaintiff listed Defendant in Schedule D of his bankruptcy petition.

12. Plaintiff's case was discharged on November 27, 2013. Upon information and belief, Defendant was notified of the discharge.

13. After the discharge of Plaintiff's bankruptcy case, Defendant began collection efforts to collect a debt from Plaintiff.

14. Plaintiff started receiving calls to his cell phone beginning January, 2014. The calls came from the following telephone numbers: (805)579-9184, (877)481-1717, (888)325-5357, (800)669-0102, (866)806-3983, and (480)500-2519. Upon information and belief these numbers are owned or operated by Defendant.

15. On or around January 15, 2015, Plaintiff answered a call from Defendant and spoke with a representative named "Efy". Plaintiff informed Efy that his Bank of America loan was discharged in bankruptcy. He provided the case number and contact information for his bankruptcy attorney. Plaintiff was transferred to another representative named "John". Plaintiff also informed John about his bankruptcy filing.

16. Plaintiff instructed Defendant that he did not owe the debt and not to call him again.

17. Between February, 2014 and July, 2014 Defendant proceeded to call Plaintiff on his cell phone eight (8) times.

18. Throughout February 2014 and July, 2014 Plaintiff answered the phone multiple times and informed Defendant that this debt was discharged in bankruptcy and he did not want to be called again.

19. On or about July 3, 2014, Plaintiff spoke with a representative named "Karisa", informing her about the bankruptcy filing. Karisa stated that the account held by Defendant would be sent to collections at the end of the

months if Plaintiff didn't pay in full. Plaintiff was then transferred to "Laura" who stated he would have to file bankruptcy a second time in order to resolve the debt.

20. Upon information and belief, Defendant called Plaintiff's cell phone on November 19, 2014 to collect on the debt.

## COUNT I
### (Violations of the TCPA, 47 U.S.C. § 227)

21. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

    (a) Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

    (b) Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

23. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each

and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
### (Violation of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788)

24. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

Defendant violated the RFDCPA.  Defendant's violations include, but are not limited to, the following:

(a)     Defendant violated Cal. Civ. Code § 1788.10(f) by communicating to the debtor a threat to take an action against the debtor which is prohibited by this title;

(b)     Defendant violated Cal. Civ. Code § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called; and

(c)     Defendant violated Cal. Civ. Code § 1788.11(e) by communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances; and

(d)     Defendant violated Cal. Civ. Code § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

  (i) Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

  (ii) Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly;

  (iii) Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt;

  (iv) Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692e(5) by threatening to take action that cannot legally be taken or is intended to be taken.

25. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

26. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduce violated the RFDCPA, actual damages, statutory damages, and attorneys' fees and costs.

WHEREFORE, Plaintiff, Raymond E. Gonzales, respectfully requests judgment be entered against Defendant, Bank of America, for the following:

 A. Statutory damages of $1000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b),

 B. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c), and

 C. Any other relief that this Honorable Court deems appropriate.

|   |   |
|---|---|
| Dated: May 22, 2015 | RESPECTFULLY SUBMITTED,<br>By:*/s/ Stuart Price*<br>Stuart Price, Esq.<br>15760 Ventura Boulevard, Suite 1100<br>Encino, CA 91436<br>Tel: 818-907-2030<br>Stuart@pricelawgroup.com<br>Attorney for Plaintiff,<br>Raymond E. Gonzales |